UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **KENYA STAFFORD** | ) |
| | ) |
| Plaintiff, | ) Case No.  3:17-CV-513-CRS |
| | ) |
| v. | ) *Electronically Filed* |
| | ) |
| **MST FINANCIAL SOLUTIONS, INC.,** | ) |
| d/b/a/ **CHAPMAN FINANCIAL** | ) |
| **SERVICES,** | ) |
| | ) |
| Serve: Michael R. Chapman | ) |
| Chapman Financial Services | ) |
| P.O. Box 7100 | ) |
| Coeur D'alene, Idaho 83816 | ) |
| | ) |
| Defendant. | ) |

\* \* \* \* \*

## COMPLAINT

Plaintiff Kenya Stafford, by counsel, for her Complaint against Defendant MST Financial Solutions, Inc., d/b/a Chapman Financial Services, states as follows:

### INTRODUCTION

1. Ms. Stafford brings this action against MST Financial Solutions, Inc., d/b/a Chapman Financial Services ("Chapman Financial") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.* Chapman Financial alleges that Ms. Stafford owes a consumer debt. During the course of attempting to collect this alleged debt, representatives of Chapman Financial made incessant telephone calls to Ms. Stafford and employed the use of threatening, deceptive, and abusive communications in an attempt to coerce Ms. Stafford into making payments. On one such occasion, a representative of Chapman Financial threatened to have Ms. Stafford "picked up from [her] place of employment and/or

1

[her] residence." The Chapman Financial representative further threatened to "notify [Ms. Stafford's] employer that authorities will be dispatched to serve [her] with a discovery package and to detain her." As a result of Chapman Financial's violations of the FDCPA, Ms. Stafford has suffered damages in an amount to be determined at trial.

## PARTIES, JURISDICTION AND VENUE

2. Ms. Stafford is a resident of Louisville, Jefferson County, Kentucky. Ms. Stafford is a consumer as that term is defined under 15 U.S.C. §1692a(3).

3. MST Financial Solutions, LLC, is a foreign limited liability corporation organized under the laws of the State of Idaho under the assumed name of Chapman Financial Services. Chapman Financial is a debt collector as that term is defined under 15 U.S.C. §1692a(6) that engages in collection activities within this judicial district.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 as this is a civil action arising under the laws of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332 as the parties are diverse in citizenship and the amount in controversy is more than $75,000.00.

5. Venue in this District is proper because Ms. Stafford is a resident of this district, the Defendant transacts business in this District, and the Defendant has caused harm in this district.

## FACTS

6. Chapman Financial alleges that Plaintiff Kenya Stafford owes consumer debt arising from a default on a personal loan.

7. While attempting to collect this debt, representatives of Chapman Financial made incessant and harassing telephone calls to Ms. Stafford and employed the use of unlawful and threatening communications to coerce Ms. Stafford into paying off the debt.

8. During one such incident, in July 2017, a representative of Chapman Financial contacted Ms. Stafford by telephone and left her a voicemail message that was rife with several deceptive, harassing, and abusive unlawful threats.

9. In the voicemail message, the Chapman Financial representative threatened that if payment was not made, she would have Ms. Stafford "picked up from [her] place of employment and/or her residence." The representative further stated that she would "notify [Ms. Stafford's] employer that the authorities will be dispatched to serve [Ms. Stafford] with a discovery package and to detain her."

10. Chapman Financial lacked the legal authority or the intent to take the actions it threatened to take. Therefore, the Chapman Financial representative's statements were unlawful and were made in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*.

11. As a result of Chapman Financial's unlawful conduct, Ms. Stafford has suffered damages in an amount to be determined at trial.

**COUNT 1:
FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692d**

12. Ms. Stafford incorporates by reference the allegations previously set forth in her Complaint.

13. The actions detailed above constitute violations of 15 U.S.C. § 1692d which states that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

14. Chapman Financial's actions caused Ms. Stafford to sustain actual damages in the form of mental and emotional distress, turmoil, worry, stress, and anxiety, entitling her to relief in the form of actual damages and statutory damages.

15. Ms. Stafford is also entitled to attorney's fees and costs pursuant to 15 U.S.C. § 1692k (a)(3).

## COUNT 2:
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e(4) and (5)

16. Ms. Stafford incorporates by reference the allegations previously set forth in her Complaint.

17. The actions detailed above constitute violations of 15 U.S.C. §1692e(4) and (5). Under this section of the FDCPA, it is unlawful for a debt collector to employ any "false, deceptive, or misleading representation or means" in the course of collecting a debt.

18. Subsection (4) of this section prohibits debt collectors from making representations or implying that "nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action."

19. Subsection (5) of this section prohibits a debt collector from threatening to take any action that cannot be legally taken or that it does not intend to take.

20. Chapman Financial's actions caused Ms. Stafford to sustain actual damages in the form of mental and emotional distress, turmoil, worry, stress, and anxiety, entitling her to relief in the form of actual damages and statutory damages.

21. Ms. Stafford is also entitled to attorney's fees and costs pursuant to 15 U.S.C. §

1692k (a)(3).

## COUNT 3:
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f

22. Ms. Stafford incorporates by reference the allegations previously set forth in her Complaint.

23. The actions detailed above constitute violations of 15 U.S.C. §1692f which prohibits a debt collector from employing any "unfair or unconscionable means to collect or attempt to collect a debt."

24. Chapman Financial's unlawful actions caused Ms. Stafford to sustain actual damages in the form of mental and emotional distress, turmoil, worry, stress, and anxiety, entitling her to relief in the form of actual damages and statutory damages.

25. Ms. Stafford is also entitled to attorney's fees and costs pursuant to 15 U.S.C. § 1692k (a)(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiff Kenya Stafford requests that this Court grant the following relief:

a. Entry of judgment to compensate Plaintiff for damages to which she is entitled, including, but not limited to, actual, compensatory, statutory, and punitive damages;

b. Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law;

c. Trial by jury on all issues so triable;

d. An award of attorney's fees and costs herein incurred; and,

e. Any and all other relief to which Plaintiff may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

Respectfully submitted,

CRAIG HENRY PLC
James Craig

*s/* James Craig
239 S. Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
jcraig@craighenrylaw.com

*Counsel for Kenya Stafford*