UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| KENYA STAFFORD, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:17-CV-513-CHB |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND** |
| MST FINANCIAL SOLUTIONS, INC., et al., | ) **ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff's Renewed Motion for Default Judgment. [R. 29] Defendant Chaplain Financial Services, LLC has not responded to the Motion, and the time to do so has expired. For the reasons stated herein, the Court grants Plaintiff's Motion.

**I.     Background Facts**

Plaintiff Kenya Stafford ("Stafford") filed this action in August, 2017 against Defendants MST Financial Solutions, Inc. ("MST") and Chaplain Financial Services, LLC ("Chaplain"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. [R. 1] Plaintiff amended her complaint [R. 5] and subsequently dismissed Defendant MST. [R. 8] Stafford's Amended Complaint alleges that Chaplain's representatives made "incessant and harassing" phone calls to Stafford and "threatening communications" in an attempt to collect a consumer debt that Chaplain claimed Stafford owed. [*Id.* p. 2] According to the Amended Complaint, this harassment included a voicemail with "deceptive, harassing, and abusive unlawful threats." [*Id.* p. 3] This voicemail threatened that Defendant Chaplain would have Stafford "picked up from her place of employment and/or her residence," and that the Defendant would "notify Ms. Stafford's employer that the authorities will be dispatched to serve Ms. Stafford with a discovery

package and to detain her." [*Id.*] Plaintiff asserts claims under 15 U.S.C. § 1692d, 1692e, and 1692f. [R. 5 pp. 4–5]

Stafford served Defendant Chaplain on July 18, 2018. [R. 15] Chaplain failed to file an answer or responsive pleading, and on August 15, 2019, the Court entered a Clerk's Entry of Default. [R. 23] Plaintiff now moves for an entry of default judgment and seeks damages in the amount of $1,000. [R. 29 p. 2]

## II.     Standard of Review

Federal Rule of Civil Procedure 55(b) allows the Court to enter a default judgment against a defendant that has failed to plead or otherwise defend in a case. Following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and a plaintiff's application for a default judgment under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Trustees of Indiana State Council of Roofers Health & Welfare Fund v. Mech.*, No. 1:17-CV-786, 2019 WL 590870, at *2 (S.D. Ohio Feb. 13, 2019). Defendant is in default in this case, [R. 23] so the factual allegations of the Complaint are taken as true except for those related to the amount of damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). "Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Id.* The Court may conduct an evidentiary hearing or or make a referral for a hearing if it finds it necessary to calculate damages. Fed. R. Civ. P. 55(b)(2).

## III.    Discussion

The Fair Debt Collection Practices Act ("FDCPA") is an "extraordinarily" broad statute, and its language is construed accordingly to effectuate its purpose of eliminating abusive debt practices. *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 448–49 (6th Cir. 2014).

Under the FDCPA, a plaintiff "need not prove knowledge or intent, and does not have to have suffered actual damages." *Id.* The FDCPA prohibits conduct which will "harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. It also prohibits "false, deceptive, or misleading representations," § 1692e, and "unfair practices" such as "unfair or unconscionable means to collect or attempt to collect any debt." § 1692f. Section 1692e specifically forbids "[t]he false representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action" § 1692e(4) or "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." § 1692e(5) To determine whether a debt collector's conduct violates the FDCPA, "courts must view any alleged violation through the lens of the 'least sophisticated consumer.'" *Stratton*, 770 F.3d at 450. To succeed on a FDCPA claim a plaintiff must prove that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Perkins v. Aargon Agency, Inc.*, No. 13-cv-13617, 2013 WL 6474294, at *2 (E.D. Mich. Dec. 10, 2013) (internal quotations omitted).

Stafford's Amended Complaint provides that Chaplain is a debt collector as defined by the FDCPA [R. 5 ¶ 3] and that it had attempted to collect consumer debt from her. [R. 5 ¶ 6–7] Stafford alleges that Chaplain's conduct, exemplified by the harassing phone call, violated § 1692d, 1692e, and 1692f. [R. 5 pp. 3–5] The conduct described in the Amended Complaint is precisely the type of conduct the FDCPA prohibits. The well-pleaded facts in Stafford's Amended Complaint are sufficient to establish violations of 15 U.S.C. § 1692d, § 1692e(4), (5),

and § 1692f. Defendant, by its default, has admitted that it violated the FDCPA by making harassing telephone calls to Stafford in an attempt to collect consumer debt. As such, default judgment will be entered with respect to liability.

The FDCPA provides for relief in the form of actual damages, statutory damages not to exceed $1,000, and costs of the action and reasonable attorney fees. 15 U.S.C. § 1692k(a). The Court may conduct a hearing to determine actual damages, or rely on affidavits or other documentary evidence. *Bailey v. United Recovery Solutions, Inc.*, 3:17-cv-00350-DJH-DW, 2018 WL 4868990, at *2 (W.D. Ky. July 12, 2018). While her Amended Complaint seeks all three remedies, Stafford's Renewed Motion for Default Judgment requests $1,000 in damages pursuant to 15 U.S.C. § 1692k(a)(1). [R. 29 p. 2 ¶ 5] Stafford has not produced any evidence of actual damages, but seeks an amount that mirrors the maximum allowable as statutory damages under § 1692k(2)(A). Therefore, the Court will interpret this as a request for statutory damages.

The FDCPA does not require actual damages as a precursor to the recovery of statutory damages. *Brown v. Halsted Financial Servs., LLC*, No. 3:12–cv–308, 2013 WL 693168, at *1 (S.D. Ohio, Feb. 26, 2013) (citing *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir.1994)). When considering statutory damages, the Court should consider "the frequency, persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k(b)(1); *see Bailey v. United Recovery Solutions, Inc.*, No. 3:17-CV-00350-DJH-DW, 2018 WL 4868990, at *4 (W.D. Ky. July 12, 2018). While the exact quantity of calls Chaplain's representatives made is unknown, the calls are characterized as "incessant," which certainly indicates that they were persistent. [R. 5 ¶ 7] One message threatened Stafford with detention by authorities—even potentially at her place of employment. [*Id.* ¶ 9] This is particularly offensive given that Defendant threated to

embarrass or even interfere with Stafford at her job. Finally, Chaplain's default admits that it acted intentionally. *See Bailey*, 2018 WL 4868990, at *3 n.3 (collecting cases). Therefore, the Court finds that statutory damages of $1,000 are appropriate.

**IT IS HEREBY ORDERED** as follows:

1. Stafford's Renewed Motion for Default Judgment **[R. 29]** is **GRANTED**. A separate judgment will be entered on this date.

2. Stafford may file a motion for attorneys' fees and costs within **twenty-one (21) days** of the date of entry of this Order.

This the 3rd day of March, 2020.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY